# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PETER GENE GLORIA, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Case No. CIV-11-597-W |
| ) | |
| JUSTIN JONES, DIRECTOR, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

In this habeas corpus action filed pursuant to 28 U.S.C. § 2254, Petitioner, Peter Gene Gloria, a state prisoner appearing *pro se*, challenges his conviction in the District Court of Beckham County, State of Oklahoma, on a charge of First Degree Murder, Case No. CF-97-128. Respondent has not addressed the merits of the Petition. Rather, Respondent has filed a motion to dismiss and brief in support (*see* Doc. ##8-9) (Motion to Dismiss), contending the Petition is time-barred pursuant to the applicable statute of limitations, 28 U.S.C. §2244(d). Petitioner has been given the opportunity to respond to the Motion to Dismiss, but has not done so. For the reasons set forth below, it is recommended that Respondent's Motion to Dismiss be granted and that the Petition be dismissed as untimely pursuant to 28 U.S.C. § 2244(d).

## I.   Background

The charges against Petitioner arose from the circumstances surrounding the November 4, 1997, death of three-year-old Allen Vowell. The child had been left in the care of Petitioner, who lived with Allen and Allen's mother Melissa Vowell, while Ms. Vowell

was working. At 2:00 p.m., Ms. Vowell returned to her house during her lunch hour, found Allen still in bed, and woke him to give him some cereal. Shortly after Ms. Vowell left to return to work, Petitioner claimed that he found Allen on the bedroom floor gasping for breath. Petitioner sought help from a neighbor who took Allen and Petitioner to a local hospital. Allen was not conscious and was not breathing. Allen was taken by Mediflight to Children's Hospital in Oklahoma City. The examining doctor concluded that Allen had been subjected to severe child abuse. Allen was suffering from respiratory failure, an acute skull fracture, subdural hematoma and swelling of the brain. The doctor testified that the blow to Allen's head would have caused Allen to immediately lose consciousness and was probably the cause of the respiratory failure. The doctor's testimony contradicted Petitioner's version of the events leading to Allen's death.

Petitioner was convicted of First Degree Murder by child abuse, and on November 4, 1998, Petitioner was sentenced to life imprisonment. On direct appeal, Petitioner raised the following issues:

1. Petitioner was denied a fair trial when the trial court allowed the jury to see a picture of the victim taken when he was alive;

2. Petitioner was denied a fair trial when evidence of other bad acts was improperly admitted;

3. Petitioner was denied a fair trial when the State did not disclose that one of its witnesses had been intimidated prior to trial by Melissa Vowell;

4. The trial court erred in failing to instruct the jury that Melissa Vowell was an accomplice as a matter of law;

5. The trial court erred in allowing Dr. Ann Morie Spencer to testify to the ultimate issue of fact; and

6. The cumulation of errors denied Petitioner a fair trial.

Petitioner's conviction was affirmed by the Oklahoma Court of Criminal Appeals (OCCA) on February 14, 2000. Motion to Dismiss, Exhibit 4. Petitioner filed no applications for post-conviction relief in the state district court.

Petitioner filed the instant Petition for Writ of Habeas Corpus in this Court on May 26, 2011, raising the same grounds for relief that were presented to the OCCA on direct appeal. Petitioner also claims that he is actually innocent of the crime for which he was convicted and is, therefore, entitled to equitable tolling of the limitations period. Application of equitable tolling would allow this Court to consider the grounds for relief raised in his habeas petition, even though the Petition was filed after the applicable limitation period had expired.

## II. Analysis

### A. Timeliness of the Petition

The Antiterrorism and Effective Death Penalty Act imposes a one-year statute of limitations for § 2254 habeas petitions. *See* 28 U.S.C. § 2244(d)(1). The period begins to run from "the latest of" four dates. In this case, the first (and most common) triggering date, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," is the relevant triggering date. *See* 28 U.S.C. § 2244(d)(1)(A). As Petitioner did not file a petition for certiorari in the United States Supreme Court, his conviction became final on May 14, 2000, when his ninety-day period for filing such a petition expired. Under the provisions of § 2244(d)(1)(A), Petitioner had

until May 14, 2001, to file his federal habeas petition. *See Malone v. Oklahoma*, 100 Fed. Appx. 795, 796 (10th Cir. June 8, 2004) (unpublished op.) (the one-year limitation period should be calculated using anniversary date method) (*citing United States v. Hurst*, 322 F.3d 1256, 1260-1261 (10th Cir. 2003)). But Petitioner waited until May 28, 2011 to file his § 2254 petition, ten years after the one-year limitation period had expired. Because Petitioner did not file an application for post-conviction relief, he is not entitled to the benefit of the statutory tolling provisions in 28 U.S.C. § 2244(d)(2) (limitations period is tolled during pendency of a properly filed application for post-conviction relief).

**B.** **Equitable Tolling and Actual Innocence Exception to Procedural Bar**

The Supreme Court has recently held that AEDPA's statutory limitations period is subject to equitable tolling "in appropriate cases." *See Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). In this case, Petitioner seeks equitable tolling based on his claim that he will "show factual innocence." Petition at electronic page 12.

In *Holland*, the Supreme Court addressed the availability of equitable tolling where the habeas petitioner claimed that extraordinary circumstances had prevented the timely filing of his habeas petition. The Court did not address equitable tolling or an exception to the procedural bar imposed by AEDPA's statute of limitations premised on a claim of actual innocence. Tenth Circuit precedent holds, however, that a "sufficiently supported claim of actual innocence" creates an exception to the procedural barrier posed by AEDPA's limitations period. *Lopez v. Trani*, 628 F.3d 1228, 1230-1231 (10th Cir. 2010).

4

In *Lopez*, the Tenth Circuit emphasized that "this actual innocence exception is rare and will 'only be applied in the extraordinary case.'" *Id.* (*quoting Schlup v. Delo*, 513 U.S. 298, 321(1995)). Based on well-established Supreme Court law, the "extraordinary case" must include a "colorable showing of factual innocence." *Herrera v. Collins* 506 U.S. 390, 404 (1993) (internal quotation and citation omitted). In this case, Petitioner has merely re-asserted the grounds for relief raised in his direct appeal to the OCCA. He has presented no new evidence of factual innocence. "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Schlup v. Delo*, 513 U.S. 298, 316 (1995).

In this case, most of Petitioner's grounds for relief are based on state law and involve jury instructions and admission of evidence. His claim that the prosecution withheld information concerning Melissa Vowell's alleged intimidation of a witness is based on his due process rights as set forth in *Brady v. Maryland*, 373 U.S. 83, 87 (1963) ("We now hold that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith of the prosecution."). This Court is not convinced that the alleged suppression of evidence constituted a due process violation. In any event, Petitioner has not presented "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Schlup v. Delo*, at 317. Accordingly, Petitioner has not presented

5

sufficient evidence of actual innocence sufficient to allow him "to pass through the gateway and argue the merits of his underlying claims." *Id.*

Petitioner has not demonstrated a sufficiently supported claim of actual innocence that would create an exception to the procedural barrier created by AEDPA's limitation period. It is therefore recommended that Petitioner's Petition for Writ of Habeas Corpus be dismissed as untimely.

## RECOMMENDATION

It is recommended that Respondent's Motion to Dismiss [Doc. ## 8-9] be granted and the Petition be dismissed as untimely.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objections must be filed with the Clerk of the District Court by August __29th__, 2011. *See* Local Civil Rule 72.1. Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation disposes of all matters referred by the District Judge in this case and terminates the referral.

DATED this __8th__ day of August, 2011.

VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE